BOARD OF COM'RS OF GARFIELD COUNTY V. RENSHAW.

No. 2157, Okla. T.    Opinion Filed January 13, 1909.

(99 Pac. 638.)

**LIMITATION OF ACTIONS—"Discovery of Fraud"—Constructive Notice.** The phrase "until discovery of the fraud," in the third paragraph of section 4216, Wilson's Rev. & Ann. St. 1903, does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed, for constructive notice of the fraud is sufficient to set the statute in motion, even though there may be no actual notice. Where the means of discovery lie in public records, required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion.

(Syllabus by the Court.)

*Error from District Court, Garfield County; M. C. Garber, Judge.*

J. P. Renshaw presented a claim before the Board of Garfield County Commissioners, and from an order disallowing part of the same appealed to the district court, where judgment was rendered in his favor, and the Board of County Commissioners brings error.   Affirmed.

*Dan Huett,* for plaintiff in error.

*Parker & Simons,* for defendant in error.—On "discovery of fraud"; constructive notice: 25 Cyc. 1190; 19 A. & E. Enc. of Law 251, 252; *Norris v. Hoggin,* 136 U. S. 386; *Black v. Black* (Kan.) 68 Pac. 662.

KANE, J.   The facts necessary to notice, in order to pass upon the only question argued by counsel for plaintiff in error, are that on the 21st. day of June, 1905, the defendant in error, J. P. Renshaw, filed with the county clerk of Garfield county, a certain claim for services due him as clerk of the district court for said county.   On the 5th day of September, 1905, the board of county commissioners disallowed part of said claim, and al-

lowed the balance, and also made an order that the balance allowed should not be paid, and that a certain amount which had theretofore been allowed and paid said Renshaw should be set off against the amount found due him, for the reason that the amount formerly allowed and paid was improperly and illegally paid to Renshaw for services rendered as clerk of the district court. From this order of the board of county commissioners Renshaw appealed to the district court, where the case was heard upon an agreed statement of facts. In the district court judgment was rendered in favor of Renshaw and against the board of county commissioners for the full amount claimed by him. From this judgment the plaintiff in error took the case to the Supreme Court of the territory of Oklahoma by petition in error, and it is now here under the terms of the Enabling Act and Schedule to the Constitution.

As stated by counsel for plaintiff in error in his brief, the question before this court to decide is as follows: Did the board of county commissioners have authority to withhold the payment of the amounts due Renshaw on his just claims and credit or set off those amounts against the illegal claims presented by Renshaw to the board, and erroneously, wrongfully, and illegally allowed by said board of county commissioners to Renshaw in the course of their dealings? The services rendered by Renshaw, which the plaintiff in error contends constituted an illegal charge against the county, consisted of various claims of per diem fees of $5 per day, claimed by Renshaw to be due him for his services while clerk of the district court, for attendance upon said court while in session in Garfield county. There seems to be no serious controversy between counsel as to the illegality of these fees, but counsel for defendant in error says that if these claims which were allowed and paid in the years 1899 and 1900 were illegally allowed, any cause of action which the board of county commissioners might have had was barred by the second paragraph of section 4216, Wilson's Rev. & Ann. St. 1903, which reads:

"Within three years an action upon a contract not in writing, express or implied; an action upon a liability created by statute other than a forfeiture or penalty."

Counsel for plaintiff in error admits that sufficient time elapsed between the time the cause of action accrued and the time suit was commenced to bar the claim, but seeks to toll the statute by contending that the board of county commissioners had no jurisdiction to audit, allow, and pay such claims, and to do so was an unauthorized act which amounted to a fraud upon the people of the county, which fraud was not discovered until after the filing of the claims in question. So the real question in the case, admitting for the sake of argument that counsel is right in his contention, that the claims were fraudulent, is, when, in contemplation of law, did the plaintiff in error discover the fraud practiced upon it? It seems that the claims which the alleged illegal warrants were issued to pay were itemized and presented to the board of county commissioners for approval. The claims showed upon their face the service rendered—the service being $5 per diem for services as clerk in attendance upon said district court. It cannot be said under such circumstances that there was any concealment of fraud, if fraud there was, practiced upon the board of county commissioners, but on the contrary, it must be presumed that the claims were allowed and paid with full knowledge of the nature of the services rendered.

In *Norris v. Haggin,* 136 U. S. 386, 10 Sup. Ct. 942, 34 L. Ed. 424, Mr. Justice Miller, in discussing the question involved in this case, says:

"It is a part of this general doctrine that, to avoid the lapse of time or statute of limitations, the fraud must have been one which was concealed from the plaintiff by the defendant, or which was of such a character as necessarily implied concealment. Neither of these principles can apply to the defendants in this case. The acts which constituted the fraud as alleged in the bill were open and public acts. The note and mortgage were recorded in the proper public office of the proper county. The possession of defendants was obtained by judicial proceedings, which were open to everybody's examination, and which were probably well known in the entire community."

The Supreme Court of Kansas, in *Black v. Black,* 64 Kan. 689, 68 Pac. 662, has construed the Kansas statute, which was

identical with our own, on this question.   The second paragraph of the syllabus reads as follows:

"The phrase 'until discovery 'of the fraud,' in subdivision 3, § 18, of the Code (Gen. St. 1901, §4446), which provides the limitation of two years in case of 'action for relief on the ground of fraud,' and which also provides that 'the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud,' does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed, for constructive notice of the fraud is sufficient to set the statute in motion, even though there may be no actual notice.   Where the means of discovery lie in public records required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion."

The general rule is stated in 19 Am. & Eng. Enc. of L. 251, as follows:

"Where the transaction is a matter of public record, either through conveyances registered as required by law or through other means, so that the party complaining has abundant means of finding out the fact of the transaction and its nature, there can be no concealment, and he will be charged with notice of the transaction and of facts which a diligent investigation thereof would develop.   A party must be presumed to know what, by the exercise of reasonable diligence, he might have discovered; and, when the fundamental facts upon which the alleged fraud rests are matters of public record, open to inspection, he will not be permitted to plead ignorance of the fraud in order to evade the operation of the statute."

In *McClure v. Johnson*, 10 Okla. 663, 65 Pac. 103, it is held that the statute, providing that no recovery can be had upon a contract, express or implied, which is not in writing, unless the action thereupon be brought within three years from the time at which the right of action accrued, applies to a "set-off or counter-claim" which is pleaded as a defense, as against a claim of the other party, not barred by the statute of limitation.

The judgment of the lower court is affirmed.

All the Justices concur.