**McELHANY et al. v. LANGSTON et al.**
**(BEAUCHAMP et al., Interveners.)**

No. 15063—Opinion Filed Dec. 30, 1924.

**1. Adverse Possession — Limitation of Actions.**

Where possession of land has been adverse. actual. notorious. unbroken and exclusive for fifteen years prior to the institution of suit for possession of same, a plea of the statute of limitation is a bar to recovery, except in case of undiscovered fraud, or legal disability to sue on part of plaintiff.

**2. Limitations of Actions—Undiscovered Fraud—Records as Constructive Notice.**

Where the means of discovery, of the fraud alleged, lie in public records, required by law to be kept, which involve the very transaction in hand, and in the interest of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud, to set the statute in motion.

**3. Same—Record of Land Title Claim.**

Where a person has been in possession of land, as provided in syllabus 1, and has exercised all of the rights pertaining to ownership, has executed various conveyances asserting title, which were duly recorded, as required by law, and so appeared for more than two years prior to the institution of suit, a plea of fraud undiscovered is of no avail.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by J. L. McElhany et al. against Nora Langston et al.; John L. Beauchamp et al., interveners. Judgment for defendants and interveners, and plaintiffs bring error. Affirmed.

L. M. Kinrey, W. N. Redwine, and J. W. Hulsey, for plaintiffs in error.

L. V. Orton, for defendants in error.

F. B. Dillard, for interveners.

Opinion by JONES, C. This action was filed in the district court of Pawnee county, Okla., by the appellants, as plaintiffs, against the appellees, as defendants, in the trial court to recover possession of certain lands and to set aside and vacate a certain warranty deed executed and delivered by the plaintiffs to the defendant, Nora Langston, in 1902. The plaintiffs were Jane Ledbetter, N. C. McElhany, J. L. McElhany and H. M. McElhany. Demurrers were interposed by the defendants to the petition of plaintiffs, and were by the court sustained as to the plaintiffs, H. M. McElhany and N. C. McElhany, who elected to stand on their petition, and appeal, assigning as error the action of the court in sustaining the demurrers, which appeal is now pending in the Supreme Court, being Case No. 14517. The court overruled the demurrers as to the plaintiffs Jane Ledbetter and J. L. McElhany; answer was filed by the defendants in which all the allegations of plaintiffs' petition were generally denied, except such as were admitted, and various defenses averred, among others being the plea of the statute of limitation, based upon the exclusive, open, notorious and adverse possession of the lands involved

by the defendants for more than 20 years. On the trial of the cause, a jury was waived and the matter submitted to the court, and judgment was rendered in favor of the defendants and interveners, and against the plaintiffs, Jane Ledbetter and J. L. McElhany. The court found that the plaintiffs had no right, title, interest, or equity in the real estate involved, and that the defendants were the owners of said property, except such interest as said defendants had formerly conveyed to other parties, from which judgment of the court the plaintiffs prosecute this appeal, and set forth numerous assignments of error.

The facts, as disclosed by the record, show that the appellants, Jane Ledbetter, N. C. McElhany, J. L. McElhany, H. M. McElhany, and the appellee, Nora Langston, were brothers and sisters, and that the land involved was homesteaded by Charles M. McElhany, a brother, deceased; the land contained 120 acres, and it seems that at sometime prior to 1900, and before the said Charles M. McElhany had received patent to the land, he died, and the lands thereafter were patented to his heirs. The sister, Nora Langston, appellee herein, and her husband, James Langston, were living upon the land with the said Charles M. McElhany at the time of his death, he being unmarried and without issue, and the said Nora Langston and husband paid all funeral expenses, and settled all indebtedness against the said Charles M. McElhany, deceased. Subsequent to the death of the said Charles M. McElhany and the issuance of the patent to the land, the appellants contend that it was agreed among the heirs, the litigants in this cause, that the three sisters then living, Mrs. Ledbetter, Mrs. Carpenter, and Mrs. Langston, should have the land of the said Charles M. McElhany, deceased, and appellees contend that pursuant to this agreement the said Nora Langston secured a warranty deed, duly executed and acknowledged by all of the heirs, and thereafter in accordance with the agreement deeded one-third, or 40 acres of the land, to the sister, Pearl Carpenter, and purchased Mrs. Ledbetter's interest, paying $150 in cash therefor, which was a fair valuation of her interest at that time. The record further discloses that the appellee, Nora Langston, and husband put the land in a state of cultivation, improved it as a home, and have paid the taxes on it from the time it became taxable, after the issuance of patent until the present time; have received all the benefits derived therefrom, and exercised exclusive dominion over same; that subsequent to the execution of the deed, under which

defendants claim, in 1902, the said Nora Langston and husband, as heretofore stated, conveyed 40 acres of the land to the sister, Mrs. Carpenter; conveyed by warranty deed 10 acres to the Arkansas Valley Town Site Company, and conveyed a right of way to said company across said estate, and have executed various mortgages, and oil and, gas leases at various times from August 23, 1902, immediately after the execution of the deed under which they hold, and extending up to January 24, 1921. The record also discloses that the 10 acres conveyed to the Town Site Company was surveyed and platted for a town site, and that numerous lots were sold to different parties who built upon said lots and have continuously occupied same since about 1902 or 1903, and that the town of Terlton, Okla., is situated on said lands.

The principal contention urged by the appellant, J. L. McElhany, is that the warranty deed under which the defendants claim title, and which appellees seek to set aside and vacate, was a forgery, and if in fact executed by the appellant, J. L. McElhany, that same was induced by fraud. We discover no proof of forgery, and the attention of the court is called to no evidence that would indicate that a forgery had been committed. The only charge of fraud is that Nora Langston, who was a sister of the said J. L. McElhany, sometime prior to the execution of the deed in 1902, wrote the said J. L. McElhany, requesting him to execute a deed to her conveying his interest in the land, and gave as a reason for her request that she wished to acquire title to the land for the purpose of securing a loan on same to obtain money to aid her in the prosecution of a man who was charged with the murder of the brother, Charles M. McElhany.

And appellant further contends that he received no consideration for any conveyance made, if made, to his sister, Nora Langston, and that at the time that he executed the deed he was under the impression that same was being made to his sister, Jane Ledbetter, and that at no time did he ever intend to convey any part of the land to Nora Langston. That he lived in Montana at all times mentioned herein, until the year 1917, when he moved back to Oklahoma and settled in Pawnee county, near the property in controversy, but believing and understanding that he had conveyed his interest in the property to his sister, Jane Ledbetter, and that she had reconveyed her interest to Nora Langston, and for this reason he did not make an investigation of the records to ascertain the record title, and did not discover until about the month of August, 1922, that the said Nora Langston had obtained a deed from him direct to his interest in the property in controversy. The court evidently found against the appellant, J. L. McElhany, on all of these contentions, and the attention of this court is called to no proof that would justify a reversal of the judgment of the trial court. There is no evidence in the record of any lack of ability on the part of the said J. L. McElhany to transact his business, and the deed offered in evidence is a general warranty deed duly signed by the said J. L. McElhany and acknowledged before a notary public, and in order to overcome the effect of such an instrument the proof should be clear and conclusive, which element is wholly lacking in the evidence offered in this case.

The principal contention urged by the appellant, Jane Ledbetter, is that at the time of the execution of the deed in question she was not mentally competent to make a deed, and as a reason for her mental condition, alleges that she had lost her husband about two years prior thereto, and that a short time prior to the execution of the deed a little nephew, son of the appellant, J. L. McElhany, had died, whom she had reared, and that by reason of these facts she was not mentally capable of transacting her business; but from the record it is disclosed that she was still living at the time of the trial of this case, and from the nature of her testimony seems to be a woman of fair intelligence, and the courts attention is called to no proof of lack of mental capacity on the part of this appellant which would justify reversal of the case, and finding of the court. In fact these are matters purely for the determination of the trial court, and unless it can be shown that the judgment of the trial court is clearly against the weight of the evidence, this court will not disturb the judgment of the trial court on appeal.

The question which we think is decisive is that of the statute of limitation, and while the appellant, J. L. McElhany, urges that it should not apply to him, because of the fact that he was a nonresident and had no knowledge of the existence of the facts as disclosed in this case, and did not know that his sister, Mrs. Langston, was claiming title to this land until a short time prior to the institution of this suit—in other words, did not discover the fraud until that time—and contends that under our statute he is entitled to institute the suit at any time within two years after the discovery of the fraud, yet this contention is not tenable, in

view of the facts as disclosed by the record. All persons are at least given constructive notice by the records as to land titles, and it is evident that all of the parties interested had full knowledge of the exclusive dominion and control of the defendants over the premises in controversy at all times herein mentioned, and the appellant, J. L. McElhany, had actual knowledge of facts sufficient to place a reasonably prudent man on inquiry at least as early as 1917, at which time he took up his residence in the community where the land is situated, and the appellant, Jane Ledbetter, being a resident of that vicinity at all times, necessarily had knowledge of all of the facts surrounding this controversy. And while we feel that the judgment of the court should be sustained regardless of what the court may have based its judgment upon, whether on failure on the part of the plaintiffs in the trial court to establish fraud, or whether his judgment was based on the statute of limitation, in our judgment, whether there was fraud perpetrated or not, the statute of limitation has clearly run.

Section 183, Comp. Stat. 1921, provides:

"Limitation of real actions. Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no time thereafter;" and the fourth subdivision of the section provides: "An action for the recovery of real property not hereinbefore provided for, within 15 years."

And we understand this provision of the law to be conclusive as against all persons, save those possessing some legal disability, and no legal disability is shown to have existed as to either of the appellants in this case. And section 8554, Comp. Stat. 1921, provides for the acquisition of property by prescription as follows:

"Occupancy for the period prescribed by Civil Procedure, or any law of this state, as sufficient to bar an action for the recovery of the property, confers a title thereto, denominated a title by prescription which is sufficient against all."

The case of Wade v. Crouch, 14 Okla. 593, 78 Pac. 91, is cited as being an authority defining adverse possession of real property, and the case of Reniker v. Kansas City, Ft. Smith & M. Ry. Co. et al., 55 Okla. 759, 155 Pac. 255, and the case of Board of Commissioners of Garfield County v. Renshaw, 23 Okla. 56, 99 Pac. 638, are cited as authorities on the tolling of the statute of limitation by reason of fraud and the discovery thereof. In the latter case the court

held, in passing upon the question of fraud:

"Where the means of discovery lie in public records, required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion."

And many other authorities are cited in the Renshaw Case supporting this doctrine, and we think it decisive of the question raised in the instant case, there being no question that sufficient time has elapsed to permit the statute to have fully run, and the only question available to the appellant is that of fraud, and the time of the discovery thereof; and in view of the fact that the appellees have enjoyed the exclusive, open, peaceable, notorious and adverse possession of the land in controversy since the date of the execution of the deed in 1902, and that they have exercised dominion over same, conveyed a portion of it by deed as early as 1902, and executed a mortgage covering same, during the same year conveyed a portion of it for town site purposes upon which a town has been built, granted a right of way for a railway across it, which railway was built and has been operated for a long period of time, and executed various mortgages and oil and gas leases upon said land, all of which conveyances have been made matters of record, have paid all taxes and appropriated all of the benefits derived therefrom, and have occupied the lands for more than 20 years, we think this constitutes conclusive evidence of their right to avail themselves of the plea of the statute of limitation, and if no deed had ever been issued under the provisions of our code, authorizing acquisition of lands by right of prescription, their title at this time is not subject to attack on the part of the appellant in this case, and we therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—(1) 2 C. J. p. 117; (2, 3) 25 Cyc. p. 1190.