**YODER et ux. v. WESTON et ux.**

No. 16941—Opinion Filed Nov. 9, 1926.

(Syllabus.)

Limitation of Actions—Action for Fraud—Accrual of Cause of Action—"Until Discovery of the Fraud"—Statute Construed.

The phrase "until the discovery of the fraud," contained in the third paragraph of section 185, Comp. Stat. 1921, does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed, for fraud is deemed to be discovered, within the statute of limitation, when in the exercise of reasonable diligence it could have been discovered. Hence, where a party defrauded has the means at hand to readily discover the fraud. and such means of information would have been used by a person of ordinary care, in the transaction of his own business, such party will be held. as a matter of law, to have had due notice of everything which a proper use of such means would have disclosed.

Error from District Court. Pottawatomie County; Hal Johnson. Judge.

Action by M. A. Weston and wife against W. W. Yoder and wife. Judgment for plaintiffs. and defendants bring error. Reversed and remanded, with directions.

Saunders & Emerick, for plaintiffs in error.

Arrington & Evans, for defendants in error.

NICHOLSON, C. J. On May 6, 1920, W. W. Yoder and Jennie Yoder, his wife, conveyed to M. A. Weston certain lands in Pottawatomie county by warranty deed. in which the grantors as a part of the consideration reserved one-half of all oil, gas, and mineral rights in and to said premises.

This deed was duly filed for record in office of the county clerk of said county May 7, 1920, and was returned to Weston

about two weeks thereafter. On February 24, 1923, M. A. Weston, joined by his wife, Martha J. Weston, instituted this action against W. W. Yoder and his wife, to quiet the title to said premises, alleging in their petition that the defendants claimed some right, title, and interest in said premises, the exact nature of which they were unable to state., but that the defendants had no right in and to said premises or any part thereof. The defendants answered, pleading that they were the owners of an undivided one-half interest in the oil and gas rights under the above-mentioned reservation in said deed, to which answer the plaintiffs filed a reply, pleading, in substance, that said reservation was made without their knowledge or consent, and made by said Yoder with the intent on his part to cheat and defraud them, and constituted fraud upon them, and that they did not discover the fraud until about the first day of February, 1923. The sufficiency of this reply was challenged by demurrer. The case, though of purely equitable cognizance, was submitted to a jury, and after a demurrer to the plaintiffs' evidence had been overruled, the jury returned a verdict in favor of the plaintiffs. upon which judgment was duly entered. and from which the defendants have appealed.

Without commenting on the sufficiency of the allegations of fraud or the sufficiency of the evidence to establish fraud, we will consider only the question of limitations, urged as a defense in the trial court and relied upon here for a reversal of the judgment.

The fraudulent acts of which it is claimed Yoder was guilty consisted of inserting the reservation of one-half of the oil, gas, and mineral rights in the deed and omitting this reservation when reading the deed to Weston. These acts were done on May 6. 1920; the deed was filed for record on May 7, 1920, and was returned to Weston about two weeks subsequent thereto. and remained in his possession at all times thereafter. Although the Westons had possession of the deed all this time, they claim that they did not know that it contained the reservation complained of, until about 10 days before this suit was brought, when a Mr. Howe, who desired to lease the land for oil and gas purposes, informed them thereof.

By the provisions of section 185, Comp. Stat. 1921, an action for relief on the ground of fraud can only be brought within a period of two years from the discovery of the fraud.

The phrase "until the discovery of the fraud," as contained in said section of the statute, does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed, for it has been repeatedly held that constructive notice thereof is sufficient to set the statute in motion, even though there may be no actual notice. Board of County Commissioners of Garfield County v. Renshaw, 23 Okla. 56, 99 Pac. 638; Black v. Black, 64 Kan. 689, 68 Pac. 662; Norris v. Haggin et al., 136 U. S. 386, 34 L. Ed. 424; Wood on Limitations, vol. 2, page 1406.

While it may be said that the record of the deed was not constructive notice to the Westons, yet the original deed. which was the best evidence of its contents, was delivered to them and was at all times in their possession. and their only excuse for not discovering the alleged fraud was their failure to read the deed. The rule that the statute of limitations does not begin to run until the discovery of the fraud does not mean that one can shut his eyes to obvious facts (Shelby County v. Bragg, 135 Mo. 291, 36 S. W. 600; Goggins v. Risley, 13 Pa. Super. Ct. 316), because fraud is deemed to be discovered, within the statute of limitations, when, in the exercise of reasonable diligence, it could have been discovered (Donaldson v. Jacobitz. 67 Kan. 244, 72 Pac. 846; Duphorn v. Moore. 82 Kan. 159. 107 Pac. 791) ; and where a party defrauded has the means at hand to readily discover the fraud. and such means of information would have been used by a person of ordinary care in the transaction of his own business, such party will be held as a matter of law, to have had due notice of everything which a proper use of such means would have disclosed. Wood on Limitations, vol. 2, page 1405.

If the acts complained of constituted fraud, the Westons had the means at hand to readily discover such fraud at all times after the deed was delivered to them, and for more than two years before this suit was brought. Nothing was concealed from them. They were not prevented from reading the deed, and had they taken the pains to do so, could easily have discovered such reservation. Hence. they must be deemed to have had due notice of the alleged fraudulent acts more than two years before they instituted this suit, and their action is barred by the statute of limitations above mentioned.

The demurrer to the plaintiffs' evidence should have been sustained.

The judgment is reversed, and the cause remanded, with directions to enter judgment in favor of the defendants.

BRANSON, V. C. J., and LESTER, CLARK, and RILEY, JJ., concur.

Note.—See 37 C. J. pp. 939, 941, §309; 17 R. C. L. p. 863.