**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RANDY BORUM,

Plaintiff-Appellant,

v.

COFFEYVILLE STATE BANK;
CSB BANCORP, INC.,

Defendants-Appellees.

No. 00-5028
(D.C. No. 98-CV-431-K)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Randy Borum appeals the district court's grant of summary judgment in favor of defendants Coffeyville State Bank and CSB Bancorp, Inc. (the "Bank") on his complaint alleging the Bank defrauded him and failed properly to collect on collateral securing his indebtedness to the Bank. The district court exercised diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a)(1). It ruled that the applicable statutes of limitation barred his claims for fraud, breach of contract, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress. The parties are familiar with the facts and the procedural history of this case, and we will not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

We review the grant of summary judgment de novo, applying the same standard as the district court. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. ), *cert. denied*, 528 U.S. 815 (1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As required, "we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Simms*, 165 F.3d at 1326.

To survive summary judgment, "the nonmovant cannot rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Id*. (quotation and alteration omitted). "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is genuine; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." *Id*. (quotations omitted).

On appeal, Mr. Borum does not dispute that the district court applied the correct statute of limitations for each of his claims. He contends, instead, that whether he knew, or with reasonable diligence should have known, of the existence of his fraud, breach of good faith and fair dealing, and breach of contract claims is a question for the jury. He does not appeal the dismissal of his intentional infliction of emotional distress claim.

The question of a plaintiff's knowledge or reasonable diligence can be a question of fact for a jury. *E.g. Wolf v. Preferred Risk Life Ins. Co.*, 728 F.2d 1304, 1306-07 (10th Cir. 1984) (applying Kansas law); *Holmes v. McKey*, 383 P.2d 655, 668 (Okla. 1962). However, "[w]here a defending party pleads a statute of limitation and moves for summary judgment, and it appears that the action is barred by the appropriate statute of limitations and there is no genuine issue as to

-3-

any material fact in connection with such statute, . . . then the motion for summary judgment should be granted." *Goforth v. Franklin Life Ins. Co.*, 449 P.2d 477, 487 (Kan. 1969) (quotation omitted); *accord MBA Commercial Constr., Inc. v. Roy J. Hannaford Co.*, 818 P.2d 469, 472 (Okla. 1991).

Our study of the record in this case convinces us that the evidence is clear and undisputable that plaintiff knew or should have known with the exercise of reasonable diligence all of the operative facts underlying his fraud and breach of good faith and fair dealing claims more than two years before he filed his complaint, and all of the operative facts underlying his breach of contract claim more than five years before he filed his complaint. The Bank presented evidence of events occurring between 1987 and 1995, enumerated in its motion for summary judgment, indicating that Mr. Borum either had actual knowledge of the facts giving rise to his claims or that these facts were readily ascertainable by him. Mr. Borum failed to present any specific evidence rebutting the Bank's evidence. Moreover, Mr. Borum's assertion that he did not know about the Bank's conduct with respect to his collateral because he did not read the relevant contracts that he signed in 1986 and 1987--which expressly described most of the Bank's actions that give rise to his claims--is insufficient to toll the running of the applicable statutes of limitation. *See e.g., McCain v. Combined Communications Corp. of Okla., Inc.,* 975 P.2d 865, 867 (Okla. 1998) (holding

that plaintiffs should have discovered fraud when they possessed documents containing all the relevant facts underlying claim); *Yoder v. Weston*, 250 P. 522, 523 (Okla. 1926) (holding that fraud statute of limitations is not tolled where plaintiff failed to read document providing notice of the claimed fraud; stating that "[t]he rule that the statute of limitations does not begin to run until the discovery of the fraud does not mean that one can shut his eyes to obvious facts").

Mr. Borum's assertions in his affidavit that the Bank concealed information, preventing him from discovering the alleged fraud, are unsupported, conclusory allegations, which are insufficient to create a genuine issue of material fact. *See United States v. Simons*, 129 F.3d 1386, 1388 (10th Cir. 1997) (holding that conclusory allegations will not suffice to meet nonmovant's burden to show triable issue of fact; "[i]nstead, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein" (quotation omitted)). Mr. Borum failed to present any specific evidence that the Bank engaged in any affirmative acts or active deception to conceal facts giving rise to his claims. The district court properly granted summary judgment on the grounds that Mr. Borum's claims were time-barred.

Mr. Borum next contends the district court erred in refusing to consider his claim that the Bank breached a fiduciary duty owed him, and his claim that the

Bank wrongfully impaired his collateral in violation of the Uniform Commercial Code. Mr. Borum only mentioned these allegations in his response to the Bank's motion for summary judgment. He did not plead either of these claims in his complaint, nor did he ever seek to amend his complaint to do so. Thus, the district court correctly refused to consider either a breach of fiduciary duty claim or a Uniform Commercial Code claim. *Cf. Lawmaster v. Ward*, 125 F.3d 1341, 1346 n.2 (10th Cir. 1997) (refusing to consider claim not raised in complaint).

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED for substantially the reasons set forth in the district court's order dated December 17, 1999.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge