### OSTRAN v. BOND et al.
### SAME v. HARRAH.

Nos. 8707, 9387—Opinion Filed April 2, 1918.

Rehearing Denied April 30, 1918.

(172 Pac. 447.)

**1. Limitation of Actions—Fraud—Discovery.**

O. and B. entered into an agreement for the exchange of real estate, and in furtherance thereof B. executed to O. a deed, dated November 11, 1912, which deed contained a general warranty, except: "As to a $25,000 mortgage due January 1st, 1915, which said

second party (O.) agreed to assume and pay at 7 per cent." On January 11, 1915, O. instituted suit against B. to cancel and set aside the note and mortgage which O. had assumed in the deed to pay, on the ground of fraud. Held that, there being no allegation in the petition of the illiteracy of O., he must be held to have had notice of the alleged fraud at the time he accepted the deed, and, more than two years having elapsed from the time of accepting said deed to the bringing of said action, said action is barred by the statute of limitations of two years, and the court did not err in sustaining a démurrer to the petition.

**2. Limitation of Actions—Pleading—Demurrer.**

Where a petition upon its face shows that the action brought is barred by the statute of limitations, it is not error for the court to sustain a demurrer to the petition upon the ground that the petition does not state a cause of action.

**3. Mortgages—Assumption of Mortgage—Defense Against Mortgage.**

Where one purchases land and accepts a deed containing a provision "that such land is subject to a mortgage, and assumes the payment of the debts secured by said mortgage," he will not be permitted to question the validity of such mortgage, and, where the only defense pleaded to an action of foreclosure of said mortgage is the invalidity of the mortgage due to alleged fraud practiced upon the purchaser by the deed accepted by him, such answer does not state a legal defense, and the court did not err in awarding judgment on the pleadings.

(Syllabus by Collier, C.)

Error from District Court, Lincoln County; Chas. B. Wilson, Jr., Judge.

Action by Peter Ostran against Jesse W. Bond and another to cancel and set aside a note and mortgage, with interpleader by J. Harrah. Defendant's demurrer to petition sustained, and judgment rendered for defendant, and interpleader's motion for judgment on the pleadings sustained, and plaintiff brings error. Judgment in both cases affirmed.

F. A. Rittenhouse, for plaintiff in error.

John H. Myers, Emery Foster, and H. W. Harris, for defendants in error.

Opinion by COLLIER, C. While this cause comes here under two cases-made, and, it is stated that said causes were consolidated in the trial court, there is in fact but one case, and the two so-called cases will be reviewed as one; both of said cases being submitted under the same briefs.

On January 11, 1915, Peter Ostran, hereinafter styled "plaintiff," brought an action against Jesse W. Bond and G. E. Bond, hereinafter styled "defendants," to cancel and set aside a certain note and mortgage made by Jesse W. Bond to G. E. Bond, covering lots owned by plaintiff, on the ground of fraud, to which petition was attached as an exhibit the deed which the plaintiff accepted from the defendant G. E. Bond, which deed was dated November 11, 1912, and contained the following:

"To have and to hold said described premises unto the said party of the second part (referring to Peter Ostran) his heirs and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages, and other liens and incumbrances of whatsoever nature except a two thousand (2,000) dollar mortgage due January 1, 1915, which second party (who is Peter Ostran) agrees to assume and pay at seven per cent." (The words inclosed in the parenthesis are added by the writer of the opinion for explanation.)

An amended petition was filed, which said amended petition in substance averred that the plaintiff and defendant entered into a contract partly verbal and partly written, for the exchange of property in Kansas for a certain hotel building and lots upon which the building is located in Davenport, Okla., and attached to said petition said written contract, which is as follows:

"This contract made this the 15th day of November, by and between Peter Ostran, party of the first part, and Jesse W. Bond, party of the second part, witnesseth:

"The party of the first part agrees to exchange his farm the N. E. quarter of 29-29-11 in Elk county, Kansas, for the second party's hotel at Davenport, Oklahoma, and also furniture as per list attached.

"It is hereby mutually agreed that the properties above described are to be exchanged Jan. 1st, equity for equity.

"Party of the first part is to pay all taxes for year 1912 and interest on $4,500.00 loan to March 1st, 1913.

"Possession of farm Jan. 1st, but second party is given the privilege to rent same at once.

"Party of second part is to pay all taxes for year 1912, and interest on loan to Jan. 1st, 1913, possession given Jan. 1st, 1913, each party to furnish abstract for examination as soon as possible deeds to be left in escrow at the First National Bank in Howard, Kansas, to be delivered to each party upon approval of abstracts showing them to be merchantable abstracts.

"Peter Ostran.
"Jesse W. Bond."

The petition, in substance, further averred that during the negotiations the said Jesse W. Bond, with intent to deceive this plaintiff, and as an inducement to plaintiff to enter into said contract, willfully and fraudulently with intent to defraud this plaintiff,

represented to said plaintiff that the said hotel property above described was located upon the above-described lots, and that said lots were each 50 feet in width, and that the two lots were 100 feet wide, which representation was false and was well known by the defendant Jesse W. Bond at the time, the lots being 25 feet in width, and that the two lots were only 50 feet wide; said plaintiff believed said statements represented by the defendant were true, and, relying upon the good faith and representations of the defendant as aforesaid, was induced to exchange his Kansas property, of which the plaintiff at the time was the absolute owner in fee simple, for said hotel property; that on the 11th day of November, 1912, four days before the said properties were exchanged, the defendants Jesse W. Bond and G. E. Bond confederated and conspired together for the purpose of defrauding the plaintiff in the following manner, to wit, that without consideration the defendant Jesse W. Bond made and executed to the said H. E. Bond his promissory note of that date in the sum of $2,000, due and payable on the 1st day of January, 1915, with interest at the rate of 7 per cent, per annum; that at the time and place and as a part of the same transaction, and for the purpose of securing the payment of said note, the defendant Jesse W. Bond made, executed, and delivered unto the defendant G. E. Bond his certain mortgage in writing, upon said hotel property; that on the 11th day of November, 1912, the said lots in the town of Davenport were transfered by the defendant Jesse W. Bond by a warranty deed to the plaintiff, and the plaintiff transfered to the defendant by warranty deed, the foregoing farm in Elk county, Kan., as a consideration for the Davenport property; that the plaintiff did not discover for some time after said deal was consummated and the deed to said Davenport property sent back to the bank that the said deed showed that a $2,000 mortgage had been assumed by him; that said plaintiff relied entirely upon the representations made to him by the said defendant Jesse W. Bond that there was no mortgage on said lots and hotel, believing said defendant was reliable; that the plaintiff, after learning of said mortgage, demanded of said defendant Jesse W. Bond rescission of their said contract, and that said Kansas property be returned to him by deed from the said Jesse W. Bond, and then and there offered to return the deed to said Jesse W. Bond to said Davenport property, which the said Jesse W. Bond refused to do; that said mortgage as aforesaid is wholly void, and was secured by fraud and misrepresentations; that the plaintiff is not indebted to the defendant in any sum; that said lots

in Davenport, with the 50 feet added as represented, would have been of the reasonable value of $2,500.

The petition shows that the deed executed to the plaintiff by the defendant for the hotel property was executed November 11, 1912, and delivered to him prior to January 1, 1913, and more than two years prior to the 11th day of January, 1915, the time action was commenced to cancel said mortgage.

On February 24, 1915, J. Harrah, hereinafter styled "interpleader," moved to be allowed to interplead in said cause upon the ground that he was the owner by assignment of the mortgage sought to be canceled in plaintiff's action, which motion was granted, and thereupon on March 1, 1915, the said interpleader filed his answer and interplea to the petition of the plaintiff and sought a foreclosure of the mortgage in the sum of $2,000, which mortgage is prayed to be canceled in the petition of the plaintiff.

To the amended petition the defendants interposed a demurrer upon the ground:

"That the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff, and against the defendant."

The court sustained the demurrer to the petition, and the plaintiff failing to plead further, judgment was rendered for the defendant. Thereafter the plaintiff filed an answer to the cross-petition of the interpleader, and as a part of his said answer made his amended petition a part of said answer by reference. A demurrer was interposed by the plaintiff to the answer and cross-action of the intervener, which was overruled and excepted to, and thereupon the said plaintiff filed an answer to said cross-action and made his amended answer a part thereof. To said answer to said cross-petition said interpleader demurred upon the ground that the answer does not state facts sufficient to constitute a defense to the cross-action, which said demurrer was in part sustained, and in part overruled. On the 30th day of March, 1917, said intervener filed a motion for judgment on the pleadings, which motion was sustained by the court, and a judgment awarded in favor of the interpleader for the sum of $2,330.36, with interest thereon at the rate of 7 per cent. per annum from the 7th day of April, 1917, and decreed a foreclosure of the mortgage for the satisfaction of said judgment, to which the plaintiff excepted and perfected an appeal to this court.

The assignments of error are as follows:

"In case No. 8707, we contend that the court erred: First, in sustaining the demurrer of the defendants to the second

amended petition of the plaintiff Peter Ostran; and, second, in the rendering judgment in favor of the defendants and against the plaintiff, dismissing said action.

"In case No. 9387, we contend that the court erred: First, in sustaining the motion of J. Harrah for judgment on the pleading and in rendering judgment for J. Harrah and against plaintiff in error on the pleadings."

There are but two questions involved in this appeal: First. Action of the court in sustaining the demurrer of the defendant to the second amended petition of the plaintiff. Second. Action of the court in sustaining motion of the interpleader for judgment on the pleadings, and in rendering judgment for the interpleader against the plaintiff on the pleadings.

Having exhibited, as a part of his petition, the deed executed herein, in which it is set up "the assumption by the plaintiff of the payment of the mortgage," which he seeks by this action to have canceled, the plaintiff is held to have had notice of the fraud—if fraud was practiced upon him—from the time that he accepted the deed, as it is not averred that the plaintiff was an ignorant man or could not read or write, and therefore must be charged with having notice of such alleged fraud from the time he accepted the deed, and, having accepted the deed for more than two years prior to the time of filing his petition for a cancellation thereof, the action was barred by the statute of limitations (section 4657, subdivision 2, Revised Laws 1910), and the court did not err in sustaining a demurrer to the petition. Where, as in the instant case, the petition upon its face shows that it is barred by the statute of limitations, the same is properly reached by a general demurrer to the petition. Froage et al v. Webb, 65 Okla. 149, 165 Pac. 150.

Where the exhibits attached to plaintiff's petition show upon their face that the cause of action set out therein is barred by the statute of limitations and there are no allegations in the petition to show that the cause of action is not barred, a demurrer to the petition should be sustained. Fox v. Ziehme, 30 Okla. 673, 120 Pac. 285; Grimes v. Cullison, 3 Okla. 268, 41 Pac. 355; Whitacre v. Nichols, 17 Okla. 387, 87 Pac. 865; Territory v. Woolsey, 35 Okla. 545, 130 Pac. 934.

The plaintiff, in answer to the cross-action of the interpleader, having set up as a part thereof his amended petition, and it appearing by said amended petition that "the deed the plaintiff had received from the defendant contained a provision for the payment of a \$2.000 mortgage," and basing his defense alone upon the invalidity of said mortgage due to fraud practiced upon him in the deed executed to him said answer failed to set up a defense to the cross-action of the interpleader for the foreclosure of the mortgage, and the court did not err in sustaining a demurrer to that part of the answer.

Having assumed by the deed, which he accepted from the defendant, payment of the mortgage which by his petition he seeks to have canceled, the plaintiff was estopped to set up the invalidity of the mortgage.

In the well-considered case of United States Bond & Mortgage Co. v. Keahey et al., 53 Okla. 176, 155 Pac. 557, L. R. A. 1917C, 829, it is held:

"Where one purchases land subject to a mortgage thereon, the land conveyed is effectually charged with the incumbrance to the same effect as if the purchaser had expressly assumed the payment of the debt, or had himself made a mortgage on the land to secure it; and, under such circumstances, the purchaser will not be permitted to question the validity of the mortgage on the ground that it was void as to his grantor."

In Jones v. Perkins, 43 Okla. 734, 144 Pac. 183, it is said:

"The purchaser is not allowed to defend against the mortgage he has assumed to pay on the ground that it was made without consideration, or that the consideration has failed, and therefore is not valid against his grantor; for the latter having appropriated a portion of the purchase price of the land to the payment of a sum of money to a third person, and made it a charge upon the land, it does not matter whether there was any legal obligation upon him to pay it, or whether it was at the time of the sale a lien upon the land; his grantee, having undertaken to pay it, is precluded from assailing its validity * * *"—citing in support of this doctrine, among others, the cases of Freeman v. Auld, 44 N. Y. 50; Trusdell v. Dowden, 47 N. J. Eq. 396, 20 Atl. 972; Gowans v. Pierce, 57 Kan. 180, 45 Pac. 586."

In Johnson v. Thompson, 129 Mass. 398, it is held:

"A grantee of land is estopped to deny the validity of a mortgage to which his deed recites that the conveyance to him is subject."

It therefore clearly appears that the plaintiff was estopped from setting up the only defense attempted to be pleaded by his answer to the cross-action, "the invalidity of the mortgage sought to be foreclosed by the interpleader on account of the alleged fraud practiced on the plaintiff by the defendant in the execution of the deed," and, the answer not setting up any legal defense, the court properly entered judgment on the pleadings for the amount for which judgment was rendered, and properly decreed a foreclosure

of the mortgage for the satisfaction of said judgment—a canon of the law so well established as not to need a citation of authority in support thereof.

Finding no error in the record, both cases, Nos. 8707 and 9387, are affirmed.

By the Court: It is so ordered.