## BANKERS MORTGAGE CO. v. LEISURE et al.

No. 24506. April 2, 1935.

Rehearing Denied May 7, 1935.

S. A. Horton, for plaintiff in error.

Fred M. Hammer, Gomer Smith, and M. J. Parmenter, for defendants in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court.

On April 23, 1930, the plaintiffs filed their petition asking for the rescission of a contract entered into between plaintiffs and defendant and for judgment against the defendant for $1,200 for money paid on the

contract. The allegations of plaintiffs' petition were that on June 28, 1928, one Frans Jansen, agent of the defendant, called upon the plaintiff John B. Leisure and offered to sell him a first mortgage bond of the defendant for a certain price. Plaintiffs allege that said agent represented to the plaintiffs that they could recover any amount of money paid on said bond with interest at the rate of 5½ per cent., by giving defendant 30 days' notice of their intentions to withdraw said money. Plaintiffs further alleged that they agreed to buy said bond upon the representations of defendant's agent, said agent not having a copy of said bond in his possession at that time. Plaintiffs paid defendant the sum of $1,200 as a down payment on said bond and about one week later received the bond. Plaintiffs put the bond away without examining it closely, and never examined it until August, 1929, when they made demand on defendant for the return of their money. Defendant refused to return the money, and on April 23, 1930, plaintiffs filed their petition in the district court of Oklahoma county, asking for rescission of the contract and judgment against the defendant for $1,200, on the ground that defendant had defrauded them. Summons was issued on the 23rd day of April, 1930, and served on one B. C. Hallett on May 19, 1930. By a special appearance defendant moved to quash the service, which motion was sustained. Thereafter, on the 10th day of September, 1930, an alias summons was issued to the defendant, which was on September 13, 1930, served upon Una Lee Roberts, service agent of the defendant. Thereafter, on November 10, 1930, defendant filed its answer in said cause, denying each and all the allegations of plaintiffs' petition and pleading specially the two-year statute of limitations.

Without commenting on the sufficiency of the allegations of fraud, or the sufficiency of the evidence to establish fraud, we will consider only the question of limitations urged as a defense in the trial court and relied upon here for a reversal of the judgment.

A statute of limitation which bars relief where fraud is the basis of the action should be enforced with great care. We would like to hold that any individual who perpetrates a fraud could not avail himself of the statute of limitation as a ground of defense, but our Legislature has seen fit to enact a statute which prevents relief on the ground of fraud where the action is not commenced within two years of the dis-

covery of such fraud (Oklahoma Statutes 1931, sec. 101). There is no question as to the constitutionality of this statute; consequently, we are bound to follow the legislative enactment, and prior decisions of this court construing the same.

The fraudulent acts of which it is claimed defendant was guilty consisted of a representation alleged to have been made by defendant's agent, to the effect that plaintiffs could recover any money they invested in defendant's bond with 5½ per cent. interest by giving defendant 30 days' notice. This representation was made on July 28, 1928. Plaintiffs paid defendant's agent $1,200, and about a week later received a bond. The bond did not contain provisions which defendant's agent had represented it would contain. Plaintiffs put the bond away without discovering it did not contain such provisions. It is not alleged the language of the bond was vague or difficult to understand. The language of the bond clearly sets out its provisions.

In order to determine whether plaintiffs' action is barred by the statute of limitations, we first must determine when the cause of action accrued, and whether plaintiffs commenced their action within two years of the accrual thereof. According to the undisputed evidence, plaintiffs received their bond about one week after June 28, 1928. Plaintiffs contend they were entitled to a reasonable time after receipt of the bond in which to read it and discover the fraud, if any existed. With this contention we cannot agree, for our court has held that where the person claiming to have been defrauded has the means in his hands of discovering the fraud, and the defrauding party has not covered up the fraud, the statute of limitations begins to run on the date means of discovering said fraud comes into his hands. Jones v. Woodward, 50 Okla. 704, 151 P. 586; Ostran v. Bond et al., 69 Okla. 310, 172 P. 447; Yoder v. Weston, 122 Okla. 51, 250 P. 522.

In the case of Jones v. Woodward, supra, the action was against an executor for recovery of money paid to her intestate for certain lots in the town of Cache, Okla. Plaintiff set up that the intestate agreed to give her a warranty deed to such lots, and plaintiff, being ignorant of the various kinds of instruments, accepted a quitclaim deed, thinking she had a warranty deed. The quitclaim deed was delivered on the 28th day of October, 1902, and plaintiff did not discover she had a quitclaim deed until 1909, whereupon she tendered her quitclaim deed and demanded the return of her money. Our court held the statute of limitations had run. The third syllabus of the case reads:

"The statute of limitations was set in motion when the deed was delivered to and read and accepted by the grantee."

In the case of Ostran v. Bond, supra, the first syllabus sets up the facts and law of the case:

"O. and B. entered into an agreement for the exchange of real estate, and in furtherance thereof B. executed to O. a deed dated November 11, 1912, which deed contained a general warranty, except: 'As to a $2,000 mortgage due Jan. 1, 1915, which said second party (O.) agreed to assume and pay at 7 per cent.' On January 11, 1915, O. instituted suit against B. to cancel and set aside the note and mortgage which O. had assumed in the deed to pay, on the ground of fraud. Held that, there being no allegation in the petition of the illiteracy of O., he must be held to have had notice of the alleged fraud at the time he accepted the deed, and more than two years having elapsed from the time of accepting said deed to the bringing of said action, said action is barred by the statute of limitations of two years, and the court did not err in sustaining a demurrer to the petition."

From the above cases we conclude that where the defrauded party had in his hands means of discovering fraud, and the defrauding party has in no way covered up his fraud, the statute of limitations begins to run when the means of discovery comes into the hands of the defrauded party.

From the reason and rule of these cases, we conclude plaintiffs' action accrued when they received the bond, on or about July 5, 1928.

Having determined when the statute began to run against the plaintiffs, we must now determine if they were timely in bringing their action. The plaintiffs filed their petition April 23, 1930. Faulty summons was issued on the same date and served April 28, 1930. Said service was quashed and proper service was not had until September 13, 1930. Our question is whether the action was commenced when the petition was filed or the date of summons served on defendant.

This question has been answered by this court in a decision handed down by Mr. Justice Riley, in the case of Cowley-Lanter Lumber Co. v. Dow, 150 Okla. 150, 300 Pac. 781. In that case Justice Riley states:

"It will thus be seen that for certain purposes there are three different times or periods when action may be deemed to have been commenced: (1) Generally under section 231, supra, when the petition is filed and a summons is caused to be issued; (2) under section 260, for the purpose of imparting notice of the pendency of the action, so as to prevent third persons from acquiring an interest in the subject-matter of the action, when the petition is filed, provided summons be served or the first publication be made within 60 days thereafter; and (3) with reference to the running of the statute of limitations, when the summons is served on each defendant, as of the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him; provided that an attempt to commence the action is equivalent to the commencement thereof, if the party faithfully, properly and diligently endeavors to procure service, and actually follows the attempt by procuring service, or making the first publication within 60 days thereafter."

From the foregoing statement of the law, we conclude that an action of this nature is commenced on date of summons served on the defendant.

We find from careful examination of the law and evidence, that the fraud, if there was any, was committed about June 28, 1928, and that the plaintiffs had notice of such fraud on July 5, 1928. Action was commenced September 15, 1930, or a period of two years, two months and eight days after the plaintiff had notice of the fraud. Therefore, we are bound to hold that plaintiffs were barred from bringing this action by the two-year statute of limitations.

Judgment is reversed and the cause remanded, with directions to enter judgment in favor of defendant.

The Supreme Court acknowledges the aid of Attorneys Fletcher M. Johnson, W. L. Cheatham, and Lawrence L. Jones in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Johnson, and approved by Mr. Cheatham and Mr. Jones, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN. V. C. J. and BAYLESS, WELCH, and CORN, JJ., concur.