## MOORE v. WASHITA VALLEY BANK et al.

No. 28568.    Oct. 4, 1938.

Rehearing Denied Nov. 15, 1938.

Bryan Phillips, for plaintiff in error.

A. J. Morris, for defendants in error.

PHELPS, J. This is an action for damages based upon fraud, it being alleged by plaintiff that on May 8, 1933, she had on deposit in the defendant bank a sum in excess of $1,500, and that on that date the defendant Burkett, president of the bank, fraudulently obtained said amount by inducing her to sign a check therefor. The trial judge sustained the defendants' demurrers to the evidence, and plaintiff appeals.

There is no difficult question of law in the case, necessitating any extended discussion. The trial judge sustained the demurrers because by the plaintiff's own testimony her action was barred by the 3d subdivision of section 101, O. S. 1931, 12 Okla. St. Ann. sec. 95, providing in substance that an action for relief on the ground of fraud must be brought within two years and that the cause of action in such case shall not be deemed to have accrued until discovery of the fraud. If it is true that she did not know she had signed the check, or that fraud had been perpetrated on her to obtain her signature thereto (a point which it is unnecessary here to decide), still the undisputed evidence is that on August 7, 1933, she was expressly notified by letter, and well knew that she had signed the check. She filed this action on April 2, 1936, more than two years after discovery of the alleged fraud, and therefore the action was barred. Micco v. Foster, 183 Okla. 89, 80 P.2d 229, and cases cited therein.

The plaintiff briefs the case on the theory that a letter received from the defendants on February 14, 1935, was the first notice that she had of the alleged fraud. In that letter she was informed, in answer to a letter of hers, that the bank "had nothing to do" with a lease which had been assigned by the bank to plaintiff, in consideration of the $1,500 check. It appears that the defendants had promised plaintiff to repurchase the lease from her, if and when they became financially able to do so. The defendants stated to her, in this letter, that "we told you that before and after you signed the check," and reiterated the promise by stating "if ever we recover on our losses or get money from any other source, we will do as promised you."

This was not an action on contract. It was not an action for specific performance of the promise to repurchase the lease, or for the money value thereof, or for recovery of the consideration because of failure of performance, nor upon any theory except that of fraud in inducing her to sign the check in question. She testified that she did not remember signing any check, and that she just signed papers put before her, not knowing there was a check among them. Her cause of action for fraud in inducing her to sign the check then accrued when she discovered she had signed it. As above

stated, by her own testimony she made such discovery more than two years prior to filing the action and, as stated by the trial judge, there was nothing for him to do but sustain the demurrers.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.