SMITH et al. v. KIMSEY.

No. 30905. March 30, 1943.

Supplemental Opinion May 11, 1943.

Rehearing Denied June 15, 1943.

*138 P. 2d 94.*

Ernest F. Jenkins, of Stillwater, for plaintiffs in error.

J. M. Springer, of Stillwater, for defendant in error.

BAYLESS, J. J. A. Kimsey sued M. V. Smith and C. Ray Smith in the district court of Payne county to recover damages alleged to have been suffered by him as the result of the fraud and deceit of defendants in a sale of real estate. Kimsey had judgment, based on the verdict of the jury, and Smiths appeal.

Smiths present but one proposition, and state it thus:

"Actions for relief on the ground of fraud must be commenced within two years from the date of the discovery of the fraud or could have been discovered with reasonable diligence."

We observe that defendants set out the statute of limitations as a bar to the action, 12 O. S. 1941 § 95, subd. 3.

No issue is made in the brief with respect to the facts, and they may be stated briefly thus: About October 12, 1938, Smiths traded Kimsey a tract of land for three city lots, and induced Kimsey to make the trade by representing that the tract of land was three acres in extent and was worth $600 per acre. Kimsey received a deed that described the tract of land traded to him by metes and bounds, and a simple calculation shows it was only an acre and a fraction in extent. Evidence introduced by Kimsey was sufficient to justify a jury finding that the tract was not worth $600 per acre. Kimsey testified that knowledge of the deficiency in quantity and difference in value from which he charges fraud came to his attention only two or three days before he filed his action.

We are of the opinion that the rule announced in Bankers Mtg. Co. v. Leisure, 172 Okla. 170, 42 P. 2d 863, as follows:

"Where the means of discovering fraud are in the hands of the party defrauded and the defrauding party has not covered up his fraud to the extent that it would be difficult or impossible to discover, the party defrauded will be deemed to have had notice of the fraud from the date the means of discovering such fraud came into his hands, and the fraud will be deemed to have been discovered upon that date"

—applies here. See, also, Jones v. Woodward, 50 Okla. 704, 151 P. 586; Ostran v. Bond, 69 Okla. 310, 172 P. 447; Yoder v. Weston, 122 Okla. 51, 250 P. 522; and Mansfield v. King, 160 Okla. 243, 16 P. 2d 87. In Ostran v. Bond, supra, a deed was given that contained an exception to the general warranty in this language: "as to a $2000 mortgage due Jan. 1, 1915." More than three years later the grantee undertook to evade the effect of this language, and an assumption agreement, on the plea they were inserted in the deed by fraud. We held that since the deed containing the language complained of was in the grantee's possession at all times, the fraud was deemed to have been discovered at the date of delivery to him more than three years prior to the institution of the action. In the Bankers Mtg. Co. Case, supra, after discussing the cases cited therein, including Ostran v. Bond, we said:

"From the above cases we conclude that where the defrauded party had in his hand means of discovering fraud, and the defrauding party has in no way covered up his fraud, the. statute of limitations begins to run when the means of discovery comes into the hands of the defrauded party."

In the case before us it is admitted that the deed came into the possession of Kimsey more than two years prior to the commencement of the action, and that Smiths in no way prevented him from learning of quantity of land deeded to him or its value.

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

CORN, C. J., GIBSON, V. C. J., and OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.

---

PER CURIAM. The death of defendant in error has been suggested to this court for the first time and shown to have occurred after the submission of the cause and before the approval of the opinion by this court. The cause was submitted on August 4, 1942. After the submission and prior to the filing of the opinion the defendant in error died on or about August 9, 1942. While the fact of said death between the submission and decision does not impair the validity of the judgment, in order to preserve all rights thereunder said decision and opinion filed herein March 30, 1943, is hereby recalled and set aside and the Clerk of this Court is directed to refile said opinion and enter judgment of this court in this cause nunc pro

tunc as of August 4, 1942, the date when said cause was submitted. Spencer v. Hamilton, 156 Okla. 194, 13 P. 2d 81.

It is so ordered.