## STOCKLASSA et al. v. KINNAMON.

No. 17889.  Opinion Filed March 20, 1928.

Rehearing Denied Sept. 11, 1928.

(Syllabus.)

1. **Limitation of Actions—Action by One in Possession to Cancel Mineral Reservation in Deed on Ground of Fraud Barred in Two Years.**

A suit to cancel a mineral reservation in a warranty deed based upon fraud, where plaintiff alleges that he is in possession of the land, is not an action for the recovery of specific real property, but is an equitable action for relief on the ground of fraud, and is barred by the two-year statute of limitation which begins to run at the time of the discovery of the fraud.

2. **Same—Record of Deed not Notice of Fraud Starting Limitations Against Grantee.**

The record of a deed is not notice to the grantee of the fraudulent inclusion therein of a mineral reservation after execution and acknowledgment, so as to set the statute of limitation running against the grantee.

3. **Same—Action Held not Barred.**

Evidence examined, and held sufficient to support the finding and judgment of the trial court that the grantee in the deed did not have sufficient notice from other sources than the public records of the act of fraud to set the statute of limitation running more than two years prior to the commencement of the suit.

Commissioners' Opinion, Division No. 2.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Action by S. D. Kinnamon against J. J. Stocklassa and Anna Stocklassa to cancel a mineral reservation contained in a deed, and to quiet title.  Judgment for plaintiff, and defendants appeal.  Affirmed.

John W. Willmott, R. J. Roberts. and Joseph C. Looney, for plaintiff in error.

Thos. J. Horsley, C. Guy Cutlip, and Kenneth H. Lott, for defendant in error.

JEFFREY, C. S. D. Kinnamon, as plaintiff, filed this action in the district court of Seminole county against J. J. Stocklassa and Anna Stocklassa to cancel a mineral reservation in a warranty deed to certain lands located in Seminole county, wherein defendants were grantors and plaintiff was grantee. Plaintiff alleged that, on the 14th day of October, 1919, he entered into a written agreement with the defendants, whereby defendants agreed to sell to plaintiff a farm consisting of 200 acres for the sum of $20,000. The written agreement further provided that plaintiff should have until January 1, 1920, within which to pay the purchase price; and that in the event plaintiff could not raise the entire purchase price, but would pay the sum of $7,000 on or before January 1st, defendants would carry him for the balance for five years. The agreement further provided that should plaintiff pay the entire purchase price within the time specified, he should have clear and complete title to said land without any reservation of mineral rights; but, in the event that plaintiff should only pay $7,000 within the time specified, then and in that event defendants should reserve from said grant an undivided one-half interest in the mineral or royalty right retained, or a one-sixteenth interest in the mineral rights. Plaintiff further alleged that, pursuant to said contract, a warranty deed was drawn, executed, and acknowledged by defendants; and that the warranty deed and contract were placed in the hands of one A. P. Slover, who was an employee in the Prague National Bank, to be delivered to plaintiff in the event that he paid the purchase price within the time specified. Plaintiff alleged that he read and examined the deed at the time it was executed, and that it contained no reservation of any interest in the mineral rights; that prior to January 1, 1920, he instructed Slover to forward the deed to the Shawnee National Bank with draft attached for the full amount of the purchase price; that the deed was forwarded there and the draft paid by plaintiff. Plaintiff further alleged that the Shawnee National Bank then transmitted said deed to the county clerk of Seminole county to be recorded; that the deed was recorded on January 5th, and returned to the Shawnee National Bank, where it remained until in February or March of 1924. It was further alleged that defendants, contrary to the written agreement, had inserted in said deed after its execution and delivery to A. P. Slover the following reservation:

"Except the oil, gas and mineral reservation hereinafter set forth."

"Except that parties of the first part hereby reserve and except from this grant an

undivided one-sixteenth of all oil, gas and other minerals in, on or under the surface of said premises; provided, that second party shall have the full right to lease said premises at any time for oil, gas or other mining purposes and receive the rentals under such lease, so long as such lease reserves sufficient royalty out of which to pay first parties their one-sixteenth of such oil, gas or other minerals herein reserved, in the event of production thereof from said premises."

Plaintiff further alleged that he did not see said deed after October 14, 1919, until February or March, 1924, before this suit was filed in October of that year; that he had no notice that said deed had been altered, but relied upon the agreement had with defendants.

The cause was tried to the court without a jury. Plaintiff established all the material allegations of his petition, which were denied by the defendants. The trial court found the questions of fact in favor of plaintiff, and entered a decree canceling said reservation and quieting title in plaintiff. No objection is made here to the findings of fact, or the sufficiency of the evidence to support the same. A plea of the statute of limitations was duly interposed by defendants. Counsel for defendants contended that the action was an equitable proceeding for the cancellation of the mineral reservation in the deed based upon fraud, and that the two-year statute of limitations was applicable. Counsel for plaintiff contend that the action is one for the recovery of specific real property, and the fifteen-year statute of limitations is applicable. In the case of Warner v. Coleman, 107 Okla. 292, 231 Pac. 1053, it was said:

"We think that where the gravamen of the action pleaded is one which would have been for the conscientious determination of the chancellor under rules of equity, before the general adoption of codes, the cause is one essentially in equity, and that though its form may be in ejectment, yet where the law feature, the possession, follows merely as an incident to the determination of the equitable issue on which it rests, it is not one for the recovery of specific real estate."

Plaintiff alleged that he was in possession of the land and merely asked to have the reservation in the deed canceled and title quieted in himself. This is unquestionably an equitable action, and the relief sought is based upon the ground of fraud. Beam v. Farmers' & Merchants' Bank, 121 Okla. 164, 249 Pac. 325; Moschos v. Bayless, 126 Okla. 25, 258 Pac. 263; New v. Smith, 86 Kan. 1, 119 Pac. 380. Subsection 3 of section 185,

C. O. S. 1921, provides that an action for relief on the ground of fraud must be brought within two years after the cause of action shall have accrued, but provides further that the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.

It is next contended that the recording of the deed constituted constructive notice such as to set the statute of limitations in motion. The deed was recorded January 5, 1920. In the case of Webb v. Logan, 48 Okla. 354, 150 Pac. 116, it was held that the record of a deed is not notice to the grantor of the fraudulent inclusion therein of land other than intended to be conveyed, so as to set the statute of limitations running against the grantor. In the body of the opinion the court said:

"To hold that the recording of deeds of this character would be constructive notice to the grantor and start the statute of limitations would work a great injustice in the state, and, to our minds, would put a premium upon dishonesty and rascality in land transactions. But few owners consult the record to ascertain the condition of their title."

The holding in this case as distinguished from Board of Com'rs of Garfield County v. Renshaw, 23 Okla. 56, 99 Pac. 638, is based upon the fact that no duty or obligation rested upon the grantor to examine the public records to ascertain the condition of the title of the land conveyed or the title of the land retained by him. The doctrine announced in this case, we think, is sound and should, at least in principle, control this question in the instant case. No duty rests upon the grantee to examine the records with reference to the title of the land after it was purchased, and hence the public record thereof is not such constructive notice as will set the statute of limitations in motion in an action for relief on the ground of fraud.

The case of Yoder v. Weston, 122 Okla. 51, 250 Pac. 522, is cited as authority that under the facts of this case plaintiff will be deemed to have notice of the facts which he claims constituted the fraud more than two years prior to the commencement of the suit which would set the statute of limitation running. In the Yoder Case, the Westons, who could read, depended upon the deed being read to them by their grantors. The reservation was in the deed, but it was claimed that the reservation was not read to the Westons. The deed was recorded and returned to the Westons and kept in their possession more than two years before the

suit was filed. In the instant case, plaintiff read his deed after it was executed and acknowledged. He saw it delivered to the escrow holder, no doubt, for the purpose of putting it beyond the control of his grantor. The deed conformed to the agreement at that time, and plaintiff had a right to rely on its remaining in that form. The deed was first received by the bank, and sent to be recorded by it at the directions of plaintiff. The evidence does not disclose that the bank had any information as to how the deed was to be drawn. The deed was returned to the bank, and kept there until February or March, 1924, at which time some one who desired to purchase the mineral rights on said land informed plaintiff of the reservation. Plaintiff lived some distance from Shawnee, where the deed was kept, and never saw it until he received the information about its containing the reservation, and so far as the evidence discloses, he had no occasion to go to inspect the deed until in February or March, 1924. We are aware of the former holding of this court, that fraud is usually deemed to have been discovered within the statute of limitations when, in the exercise of reasonable diligence, it could have been discovered. This merely means that one cannot shut his eyes to obvious facts, or where he has information or knowledge, which, if pursued with reasonable diligence, would lead to a discovery of the true facts. We think the evidence amply supports the findings and judgment of the court in this regard.

The judgment of the trial court is therefore affirmed.

BENNETT, HERR, DIFFENDAFFER, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 742, §58; p. 929. §299. (2) 37 C. J. p. 944, §310. (3) 37 C. J. p. 1251, §780.