IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-20844

In The Matter Of: WATERFORD ENERGY

Debtor

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

KAISER-FRANCIS OIL COMPANY, formerly known as Waterford
Energy Inc

Appellant

v.

STATE OF OKLAHOMA ex rel. Commissioners of the Land Office

Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-1399

Before JONES, Chief Judge, and GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

Kaiser-Francis Oil Company ("Kaiser") appeals the bankruptcy court judgment, affirmed by the district court, that dismissed its adversary proceeding for failure to state a claim under Rule of Civil Procedure 12(b)(6) and denied its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion to alter or amend the judgment under Bankruptcy Rule 9023. We agree with the lower courts' conclusions that Kaiser-Francis did not afford constructive notice of its bankruptcy to the Commissioners of the Land Office by filing a notice in the Oklahoma County records, nor did it raise an issue of Commissioners of the Land Office's actual notice. We affirm.

## I. FACTS AND PROCEEDINGS

The State of Oklahoma Schools Land Trust ("the Trust"), a substantial landowner in Oklahoma, owned a royalty interest in a number of mineral leases in Beaver and Texas Counties, Oklahoma. The Commissioners of the Land Office ("the CLO") is the Oklahoma agency that administers and collects royalties from minerals harvested from lands owned by the Trust. Waterford Energy, Inc. ("Waterford") began drilling and operating oil and gas wells in Beaver and Texas Counties in 1983. Waterford also directly owned a working interest in the mineral leases owned by the Trust and other individuals. In its role as operator, Waterford was responsible for making payments to an estimated 1700 owners of royalty and working interests in the wells. Waterford sold its operating rights in the wells to a third party in 1985 but retained seven-eighths of its working interest in the mineral leases. Kaiser later acquired Waterford in a bankruptcy case.

On August 31, 1990, Waterford filed a chapter 11 bankruptcy petition in the Southern District of Texas. Waterford did not notify the Trust or the CLO of its bankruptcy proceeding, either by mail or publication. However, on October 25, 1990, Waterford filed a copy of its bankruptcy petition and preliminary draft reorganization plan in the real property records of Beaver and

Texas Counties, a procedure outlined in Oklahoma's notice statutes.[1]  The filing of these documents was not made pursuant to an order of the bankruptcy court, and the documents did not list any bankruptcy case deadlines.

On February 19, 1991 ("the Confirmation Date"), following a hearing, Waterford received a discharge in the bankruptcy court pursuant to a confirmed plan of reorganization ("the Waterford plan").  Under the Waterford plan, Waterford retained all of its assets, which included its working interest in the mineral leases on the Trust's lands.  The Waterford plan also provided that Kaiser would acquire all stock in Waterford and that the funds Kaiser paid for the stock would be distributed to Waterford's legitimate creditors on a pro rata basis.  After the Confirmation Date, Waterford was merged into Kaiser.

On November 4, 2002, the CLO, on behalf of the Trust, asserted pre-confirmation Waterford-based claims against Kaiser in Oklahoma state court for nonpayment of royalties in the Beaver and Texas Counties wells, dating from 1983 through the Confirmation Date.[2]  The CLO argued that it did not receive

---

[1] These statutes provide:

> Copies of any and all petitions, or orders or decrees of any United States Court, in bankruptcy proceedings, duly certified as correct by the Clerk of such Court or his Deputy, may be filed and recorded in the office of any County Clerk of this state.  Said County Clerk shall accept the same for filing when certified by the Clerks of said Courts as true copies of said instruments and file and record the same in his office and also shall cause the same to be indexed.

OKLA. STAT. tit. 19, § 262.

> All of such certified copies of said petitions, orders or decrees so filed, whether acknowledged or not, shall be constructive notice of their contents from and after the filing and recording thereof.

Id. § 263.

[2] The CLO's pending state-court suit mirrors a state class-action brought previously against Kaiser.  On August 24, 1995, certain royalty owners that had mineral lease agreements with Waterford in Beaver and Texas Counties filed a class-action complaint against Kaiser.  In their suit, the plaintiffs sought to recover the nonpayment of royalties

notice of Waterford's bankruptcy case, that Waterford's liability for the CLO's claims was not discharged, and that Kaiser was liable as Waterford's successor.

In response, Kaiser initiated an adversary proceeding in bankruptcy court in the Southern District of Texas, seeking a declaratory judgment that Kaiser's liability for the CLO's pre-confirmation Waterford-based claims had been discharged under the Waterford plan and 11 U.S.C. § 1141(d) and that the CLO was enjoined from bringing its state-court claims pursuant to the discharge injunction under 11 U.S.C. § 524(a)(2). Because Kaiser conceded that Waterford never provided actual notice to the Trust or the CLO, Kaiser's sole allegation was that the CLO was an unknown creditor and as such was only entitled to constructive notice of Waterford's bankruptcy proceeding. Kaiser argued that Waterford had provided adequate constructive notice, because Waterford recorded a copy of its bankruptcy petition and preliminary draft reorganization plan in the real property records of Beaver and Texas Counties during the pendency of its bankruptcy case pursuant to Oklahoma's notice statutes.

The CLO moved to dismiss Kaiser's adversary proceeding, in part, for failure to state a claim under Rule 12(b)(6). The CLO asserted that Kaiser's liability was not discharged because, among other reasons, Waterford never provided adequate notice of its bankruptcy proceeding. On September 6, 2006, the bankruptcy court granted the CLO's Rule 12(b)(6) motion and dismissed Kaiser's adversary proceeding. The bankruptcy court found that the form of

---

dating back to 1983. The Oklahoma state court certified the class of royalty owners in 1997. Kaiser moved for summary judgment on the ground that the bankruptcy discharge in the Waterford plan established an affirmative defense, but the trial court denied the motion, ruling that Waterford never provided constitutionally sufficient notice to the unknown royalty owners. After class certification was affirmed on appeal, the CLO opted out of the class. The case was eventually tried in Oklahoma state court in November 2001, and the royalty owners were awarded a substantial judgment, which was affirmed on appeal.

recordation notice provided by Waterford was not adequate constructive notice and did not discharge Kaiser's liability for the CLO's claims.

On September 18, 2006, Kaiser filed a motion to alter or amend the judgment under Bankruptcy Rule 9023, the bankruptcy court's version of Fed. R. Civ. P. 59, based upon a July 1, 1992 CLO memorandum, which Kaiser claimed raised fact issues as to whether the CLO had actual knowledge of Waterford's bankruptcy case before the Confirmation Date. The bankruptcy court rejected this argument.

Kaiser appealed the bankruptcy court's decisions to the district court. On October 11, 2007, the district court affirmed the bankruptcy court's dismissal order, holding that "the Oklahoma statutes [cited by Kaiser] were never intended to address notice of a reorganization suit" and that "the bankruptcy court [correctly] concluded that the Oklahoma statutes regarding notice to bona fide purchasers were not sufficient constructive notice to pass constitutional muster" as applied to the CLO. The district court also affirmed the bankruptcy court's denial of Kaiser's motion to alter or amend the judgment. Kaiser appeals.

## II. STANDARD OF REVIEW

The bankruptcy court dismissed Kaiser's adversary proceeding for failure to state a claim under Rule 12(b)(6) and the district court affirmed. Therefore, we review this decision de novo. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 246 (5th Cir. 1997). This Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Reliable Consultants, Inc. v. Earle, 517 F.3d 738, 742 (5th Cir. 2008) "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." Id. (internal quotations omitted).

## III. DISCUSSION

### A. Motion to Dismiss

Kaiser filed this adversary proceeding seeking a declaratory judgment that its liability for the CLO's pre-confirmation, Waterford-based claims had been discharged. The district court, assuming that the CLO was an unknown creditor, dismissed Kaiser's proceeding for failure to state a claim under Rule 12(b)(6). It found that Waterford's filing of a copy of its bankruptcy petition and preliminary draft reorganization plan in the real property records of Beaver and Texas Counties pursuant to Oklahoma's notice statutes did not provide adequate constructive notice and did not discharge Kaiser's liability for the CLO's claims. In reviewing this dismissal, we must determine whether Waterford provided adequate constructive notice of its bankruptcy proceeding. We agree with the district and bankruptcy courts and affirm.

The notice of a bankruptcy case is governed by federal law, not state law. See, e.g., Circle K Stores, Inc. v. State of Mont. Dep't of Revenue (In re The Circle K Corp.), 198 B.R. 784, 790 (Bankr. D. Ariz. 1996); Buttes Gas & Oil Co. v. Cal. Reg'l Water Quality Control Bd. (In re Buttes Gas & Oil Co.), 182 B.R. 493, 497 (Bankr. S.D. Tex. 1994). "Under the Bankruptcy Code, a debtor is generally discharged from any debt that arose prior to the bankruptcy court's confirmation of the debtor's proposed . . . reorganization plan." Zurich Am. Ins. Co. v. Tessler (In re J.A. Jones, Inc.), 492 F.3d 242, 249 (4th Cir. 2007) (citing 11 U.S.C. § 1141(d)). However, before a

> pre-confirmation claim can be discharged under the applicable provisions of the Bankruptcy Code, a debtor's creditors must be afforded notice of the debtor's bankruptcy case, as well as the deadline for asserting any pre-petition claims against the debtor, so as to provide the creditors an adequate opportunity to assert any claims they may have against the debtor's estate.

Id.; see Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995) ("[I]nadequate notice is a defect which precludes discharge of a claim in bankruptcy."). On a constitutional level, the Supreme Court clearly articulated the standard for notice when it stated that "'[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" In re J.A. Jones, Inc., 492 F.3d at 249 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Stated another way, "a claim asserted by a creditor against a debtor's estate cannot constitutionally be discharged in accordance with the Bankruptcy Code unless the debtor provides constitutionally adequate notice to the creditor of the debtor's bankruptcy proceeding, as well as the applicable filing deadlines and hearing dates." Id.

"The type of notice that is reasonable or adequate for purposes of satisfying the due process requirement in this context depends on whether a particular creditor is known or unknown to the debtor." Id. Although actual notice of the bankruptcy filing and applicable bar date must be provided to known creditors, constructive notice is sufficient to pass constitutional muster for unknown creditors. See id. at 249–50; Chemetron, 72 F.3d at 346. It is well established that notice by publication will generally suffice for constructive notice. See In re J.A. Jones, Inc., 492 F.3d at 249–50; Chemetron, 72 F.3d at 346. "Publication in national newspapers is regularly deemed sufficient [constructive] notice to unknown creditors . . . ." Chemetron, 72 F.3d at 349–50.

In addition to these general constitutional requirements, the Bankruptcy Code and Federal Rules of Bankruptcy Procedure specifically provide a process to ensure that adequate constructive notice in a bankruptcy proceeding is provided to unknown creditors. Section 342 of the Bankruptcy Code provides

that "[t]here shall be given such notice as is appropriate . . . of an order for relief in a case under this title." 11 U.S.C. § 342(a). Bankruptcy Rule 2002(l) states that a court may order notice by publication if it finds that "notice by mail is impracticable." FED. R. BANKR. P. 2002(l). "Whenever [the Bankruptcy Rules] require or authorize service or notice by publication, the court shall, to the extent not otherwise specified in these rules, determine the form and manner thereof, including the newspaper or other medium to be used and the number of publications." FED. R. BANKR. P. 9008.

Waterford's form of recordation notice here does not satisfy the requirements of the Due Process Clause or the Bankruptcy Code or Rules. Notwithstanding the well-established rule for constructive notice, Kaiser concedes that Waterford never provided notice by publication, with or without bankruptcy court authorization, in a national newspaper such as the New York Times or Wall Street Journal, or one likely to be read in Oklahoma, such as the Daily Oklahoman or a local newspaper in Beaver and Texas Counties. Instead, Waterford provided notice only through its filing of the bankruptcy petition and preliminary draft reorganization plan in the real property records in Beaver and Texas Counties. Kaiser argues, without citing any authority, that Waterford's form of recordation notice was superior to notice by publication. Kaiser asserts that Waterford's form of recordation notice "is a better quality of constructive notice than publication notice because it constitutes a permanent record of the chapter 11 case and reorganization plan in a governmental unit's records." Waterford's filing in the real property records failed, however, to list any of the important bankruptcy deadlines, including the claims bar date, which would normally be found in publication notice. See Chemetron, 72 F.3d at 347. Moreover, Waterford did not seek bankruptcy court authorization for its novel method of affording notice. Accordingly, the lower courts correctly concluded

that Waterford's form of recordation notice was inadequate to serve the purposes of constructive notice and properly dismissed Kaiser's adversary proceeding.

Waterford's reliance on Oklahoma's notice statutes to support constructive notice is erroneous because the statutes were not intended to provide general notice to all unknown creditors in a bankruptcy case. The Oklahoma Supreme Court has repeatedly held that the doctrine of constructive notice applies only to a person who is "dealing with the land itself." Foster v. Augustanna Coll. & Theological Seminary, 218 P. 335, 338 (Okla. 1923). It has also been held that the public real property record is not constructive notice to a party that has no duty to search it. See, e.g., Stocklassa v. Kinnamon, 269 P. 1080, 1081 (Okla. 1928). Further, because current landowners have no duty to search the real property records, the doctrine of constructive notice does not apply in such a context. See Straub v. Swaim, 296 P.2d 147, 148–49 (Okla. 1956) ("Plaintiff, having already bought and paid for the property, taken possession thereof and received a properly executed conveyance thereof at the time of the recording of defendant's mineral deed was not a subsequent purchaser and such recording therefore afforded no notice to him . . . ."). Similarly, the Trust owned the land at all relevant times and was entitled to receive royalties; under Straub, it had no duty to search the real property records. Kaiser has failed to explain why an unknown creditor, in the CLO's or the Trust's position, would have had a duty to search the real property records in a county for notice of a bankruptcy case. Even under Oklahoma law, Waterford's form of recordation notice had no effect on unknown creditors like the CLO.

The interplay between federal bankruptcy law and Oklahoma's notice statutes also reveals that the state statutes were enacted to provide constructive notice to post-petition, bona fide purchasers of the debtor's real property, not to unknown creditors in a bankruptcy case. "Prior to 1938, a post-petition

9

purchaser of real property [of the debtor] had no guarantee of receiving clear title to that property." Kelly Culpin, The Validity of Post-Petition Transfers of Real Property: Who Does the Bankruptcy Code's Section 549(c) Protect?, 40 Real Prop. Prob. & Tr. J. 149, 157 (2005). In 1938, however, Congress enacted 11 U.S.C. § 44(g), which has since been repealed,[3] and "introduced a method for providing constructive notice of the bankruptcy proceeding to potential purchasers of the debtor's real property, lessening the opportunity for a debtor to make fraudulent conveyances." Id. at 158–59. "This section permitted the trustee . . . to record a copy of the [bankruptcy] petition in the recorder's office in every county where the debtor owned or had an interest in real property" in order to give constructive notice to potential purchasers. Id. at 159. In a jurisdiction that recognized such a recording, (1) constructive notice took effect only in the county where the bankruptcy proceeding was pending; and (2) the filing of the bankruptcy petition in court did not afford constructive notice to purchasers of real property located in other counties, unless a copy of the bankruptcy petition had been recorded in the real property records of that county. See 11 U.S.C. § 44(g) (repealed). The Oklahoma Supreme Court recognized that Oklahoma's notice statutes, OKLA. STAT. tit. 19, §§ 262-63, implemented the latter section of 11 U.S.C. § 44(g) by "authoriz[ing] the filing of such instruments" in the office of the county clerk. See Viersen v. Boettcher, 387 P.2d 133, 138 (Okla. 1963). Kaiser's complaint does not allege that the CLO is a post-petition, bona fide purchaser of property of the bankruptcy estate. The

---

[3] The current statute, enacted in 1978, provides for constructive notice to good faith post-petition purchasers of property of the bankruptcy estate who do not have knowledge of the commencement of the proceeding by filing a copy or notice of the bankruptcy petition where a transfer of an interest in real property may be recorded. See 11 U.S.C. § 549(c).

CLO is not bound by Waterford's form of recordation notice as Oklahoma's notice statutes are inapplicable here.

Finally, Kaiser cites Appling County v. Mun. Elec. Auth. of Ga., 621 F.2d 1301 (5th Cir. 1980), and contends that CLO, as a state agency, cannot challenge the constitutional validity of its own state statute. See id. at 1307–08. That is not what CLO has done; instead, it merely challenges the statute's applicability in this context. Appling is inapplicable.

For these reasons, the district court did not err in holding that Waterford did not provide adequate constructive notice of its bankruptcy proceeding and that Kaiser failed to state a claim.[4]

B. Motion to Alter or Amend the Judgment

Kaiser contends that the bankruptcy court should have allowed it to amend its complaint based upon a July 1, 1992 internal CLO memo that allegedly implied CLO might have had actual knowledge of the Waterford bankruptcy. Kaiser's case theretofore centered solely on the constructive notice issues. Because Kaiser apprised the bankruptcy court of the memo only after the court had dismissed, this court reviews its action for abuse of discretion. We find none. Kaiser made no prejudgment motion to amend pursuant to Fed. R. Bankr. P. 7015, and this court has "consistently upheld the denial of leave to amend [post-judgment] where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." Briddle v. Scott, 63 F.3d 364, 379 (5th Cir. 1995); see also Vielma v. Eureka Co., 218 F.3d 458, 468 (5th Cir. 2000). Kaiser has made no attempt to suggest that it was unaware of this memo, and thus unable to

---

[4] Because we affirm the district court's decision on the constructive notice ground, we do not address the CLO's argument that it was a known creditor and entitled to actual notice.

assert an issue concerning CLO's actual notice of the bankruptcy, before the court ruled on the motion to dismiss. Busy courts need not be abused by piecemeal litigation tactics.

## IV. CONCLUSION

For these reasons, the judgments of the bankruptcy and district courts are AFFIRMED.